M. VAN B. ALEXANDER, ET AL., v. AUGUSTUS VANDYKE, ET AL.

#### Ejectment—Evidence.
Where in an ejectment suit. an attempt is made to trace the source of title back beyond the. recollection of any except very aged persons, a more liberal rule exists as to the introduction of documents than where the occurrences are of a recent date.

#### Instructions.
· An instruction is erroneous which allows the jury to consider proof of waste in making up its assessment of damages, where there is nothing in the petition claiming damages, except such as resulted from the detention of the lands, and no issue was raised as to waste. ,

#### Champertous Conveyance.
A conveyance champertous at the time made is absolutely void, and · no change of circumstances will make it available for any purpose or against any person.

APPEAL FROM GREENUP CIRCUIT COURT.

November 30, 1877.

OPINION BY JUDGE LINDSAY:

This is an action to recover the possession of real property in the nature of an action of ejectment. The plaintiffs properly omit to set out their claim of title, and describe specifically the lands claimed, and aver in apt language that they are the owners and entitled to the possession of the same, and that the defendants hold the possession without right and have wrongfully kept them out of possession for more than one year last past.

The answer of the defendants does not put in issue the material allegations of the petition. Defendants deny that plaintiffs, or either of them, are the owners of any of the lands embraced in the boundary set out in the petition, so far as they are covered by the patents to Darlington, and to Lewis & Marshall, and they deny that their possession of such land as they hold is without right. There is no allegation in the answers that any portion of the lands described by plaintiffs are covered by the patents named, or either of them, and no ad-mission that defendants had any of said lands, and therefore the answer may be true, and plaintiffs may yet be entitled to recover. By the second paragraph of their answer the defendants claim that they, as owners and tenants, are entitled to the possession of certain lands covered by the two patents named in the first paragraph; but they again fail to allege that said patents, or either of them, cover any of the lands sued for by the plaintiffs. Hence a judgment for the recovery of the lands, and for nominal damages for their detention, might with propriety have been rendered on the pleadings of the parties.

But as appellees choose to try the cause on its merits, notwithstanding the want of a valid answer, and as the judgment for damages is so clearly erroneous as to require a reversal, this court feels called on to review the rulings of the circuit court, in order to aid the parties in having the new trial conducted upon correct legal principles.

Appellees claim title under a Kentucky patent to Col. Ephraim Blain, issued in 1796. Appellants claim under a patent granted by the state of Virginia to one Lewis in the year 1788. They also attempt in some manner to protect their possession under the Dalnigton patent, issued by this commonwealth more than half a century after the date of the patent to Blain. Appellants claim that there is

a conflict between the Blain and Lewis patents, and that the first named, being the junior patent, must as to the lap give way to that of Lewis.

Appellees insist there is no conflict between the boundaries of the two patents. They claim that if there is, then parties holding under Blain entered and took actual possession of the lands within the lap, before an actual possession had been taken of the land covered by the patent to Lewis, and that the Blain title to said land was long since perfected by actual adverse holding.

In order to connect their title with that of the original patentee, Col. Ephraim Blain, and to show the extent of the claim asserted by him and those holding under him, appellees introduced and read to the jury many ancient papers, such as deeds, leases, etc. Some of these papers are doubtless irrelevant, but we cannot see that their introduction could in anyway prejudice the substantial rights of the appellants; and as the facts to be proved exist in pais, and happened, if at all, so far back as to be beyond the recollection of any except very aged persons, a more liberal rule as to such evidence is tolerated than where the occurrences are of recent date.

We are of opinion that the court properly allowed the answer filed by the defendant, Bennett, to the suit of Hunt to be used on his cross-examination, not only to refresh his recollection, but to contradict the testimony he was then giving; but it was error, under the guise of testing his recollection or showing that he had made statements from those he was then making, to read the depositions taken by him in that action, and thus to make those depositions evidence in this proceeding.

We see no error in the exclusion of evidence offered by the appellants. Instructions Nos. 1, 2, 3 and 4, given for appellees, are subject to no available objection. But instruction No. 5 was erroneous in requiring the jury to be satisfied that the Lewis patent interferes with that of Blain. It was enough if the jury believed from the evidence that there was such interference, and there is no more reason why the evidence should produce satisfaction in their minds on that subject than on any other question in dispute.

Instruction No. 6 is also erroneous in allowing the jury to take into consideration proof of waste, in making up their assessment of damages. The only damages claimed in the petition were such as resulted from the detention of the lands. There was no issue raised as to waste. Instruction No. 7 is correct. A conveyance champertous at the time it is made is absolutely void, and no change of cir-

cumstances will make it available for any purpose or against any person. Instruction No. 8 is also unobjectionable. The court erred in modifying instruction No. 5 given for appellants by adding to it the words: "Unless the jury believe from the evidence that the purchaser agreed to hold for Pollock possession of the rest of the lands possessed by Pollock and not then sold."

It was error, in the first place, to assume the matter in controversy, that is, that Pollock was possessed of the land within the alleged lap. The court, by said fifth instruction, said to the jury that if Pollock sold his improvement within the alleged lap, and the purchasers entered, claiming only the land he had purchased, then his entry and possession would not continue the possession of Pollock. But the modification made such entry and possession continue that of Pollock, if the purchaser agreed to hold the unsold land for him, and agreement to hold and claim possession does not in law amount to an actual possession. Here the purchaser lived on his own land, and claimed and held for himself to the extent of his own boundaries, and he could not by mere agreement, unaccompanied by an actual entry, extend his possession over a separate and district tract of land to which he had no claim either as owner or lessee, even though it did adjoin his lands.

Where a party purchased land adjoining a tract actually owned and held by himself or his tenants, the law will, for the purposes of extending his possession, treat the two parcels as one tract from that time forward, and his actual possession will be extended by construction to the boundaries of the lands so purchased; but it will not be so extended over the adjoining lands of a stranger upon his mere agreement to hold for the stranger, without any title or right whatever in himself.

Instruction No. 8, when read in connection with those given for appellee, states the law correctly. The other instructions given for appellant are unobjectionable.

For the reasons indicated the judgment is *reversed* and the cause remanded for a new trial, and for further proper proceedings not inconsistent with this opinion.

*E. F. Dulin, L. T. Moore, B. F. Bennett, for appellants.*

*G. E. Roe, Davidson, W. H. Wardsworth, for appellees.*